UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANNA WALDMAN, on behalf of herself and
others similarly situated,

                       Plaintiffs,

     -against-

NEW CHAPTER, INC.,

                       Defendant.
-----------------------------------------------------------------X

Civil Action No.
09-3514(JS)(JO)

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT'S
## MOTION TO DISMISS

Harry I. Katz, P.C.
By: Harry I. Katz (5814)
Attorneys for Plaintiff
61-25 Utopia Parkway
Fresh Meadows, NY 11365
(718) 463-3700

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES..................................................................................... ii

PRELIMINARY STATEMENT..............................................................................1

FACTS....................................................................................................................4

ARGUMENT

       POINT I
       PLAINTIFF HAS SUFFICIENTLY STATED A CLAIM
       UPON WHICH  RELIEF CAN BE GRANTED...........................................................6

       POINT II
       DEFENDANT'S VIOLATION OF 15 U.S.C. 1453 et seq. (FPLA)
       IS PRIMA FACIE EVIDENCE THAT DEFENDANT'S PRODUCT
       IS MISBRANDED AND CONSTITUTES AN UNFAIR
       DECEPTIVE ACT..........................................................................................................7

       POINT III
       THE DEFENDANT, BY ITS DECEPTIVE PRACTICES,
       BREACH ITS CONTRACT WITH THE PLAINTIFF.............................................12

       POINT IV
       PLAINTIFF HAS PLEAD FACTS SUFFICIENT
       TO SUPPORT A FINDING OF FRAUD..................................................................16

       POINT V
       PLAINTIFF HAS STATED A SUFFICIENT CLAIM
       PURSUANT TO N.Y. GEN. BUS. LAW 349 &350.................................................18

       POINT VI
       DEFENDANT WAS UNJUSTLY ENRICHED
       BY ITS DECEPTIVE PACKAGING......................................................................22

CONCLUSION.........................................................................................................24

i

TABLE OF AUTHORITIES

**CASES**                                                                                    **PAGE(S)**


Art Glick Leasing, Inc. V. William J. Petzold, Inc., et al.
    51 A.D.3d, 1114 (3d Dept. 2008)....................................................................................14

ATSI, Inc. v. Shaar Fund, Ltd.
    493 F.3d 87, 98 (2d Cir. 2007)..................................................................................4, 6

Bell Atlantic Corp. v. Twombly
    550 U.S. 544, 127 S. Ct. 1955 (2007)...........................................................................6

Chance v. Armstrong
    143 F.3d 698, 701 (2d Cir. 1998)..................................................................................6

County of Chenango Indus. Dev. Agency v. Lockwood Greene Engrs..
    114 A.D.2d, 728, 730 (3d Dept. 1985)........................................................................14

Iqbal v. Hasty
    490 F.3d 143, 157-158 (2d  Cir. 2007)..........................................................................6

MacPhee v. Verizon
    2008 WL 162899 @ 6 (S.D.N.Y. 2009).......................................................................23

Randy Knitwear v. American Cyanamid Co.
    11 N.Y.2d 5, 14 (1962)..................................................................................13, 14, 22

S.Q.K.F.C., Inc. v. Bell Atlantic TriCon Leasing Corp.
    84 F.3d 629, 633 (2d Cir. 1996)............................................................................16, 18

Small v. Lorillard Tobacco Co.
    94 N.Y.3d 43 (1999)..................................................................................................21, 22

Verzani v. Costco
    641 F. Supp. 2d 291, 296 (S.1) (N.Y. 2009).............................................................8, 15

## STATUTES

15 U.S.C. 1451 et seq............................................................................................ 1, 3, 8, 11, 12

General Business Law Sections 349 and 350......................................................4, 8, 18, 19, 20

Federal Rule of Civil Procedure 12(b)(6)........................................................6, 18, 20

15 U.S.C. 1452..................................................................................................................8

15 U.S.C. 1453 et seq.................................................................................8, 9, 11, 12

15 U.S.C. 1456..................................................................................................................10

16 C.F.R. 500 et seq...................................................................................10, 12

16 C.F.R. 500.6.........................................................................................10, 11

16 C.F.R. 500.8.........................................................................................11

16 C.F.R. 500.8(a).........................................................................................11

16 C.F.R. 500.19.........................................................................................11

N.Y.U.C.C. 2-106(1).........................................................................................13

Plaintiff respectfully submits this Memorandum of Law in opposition to defendant's

Motion to Dismiss.  Attached, as **Exhibit "1"**, is a copy of Plaintiff's Complaint.[1]

## PRELIMINARY STATEMENT

Plaintiff purchased a box of defendant's food supplement for $39.99.  The product is sold

by net weight.  The label on the box only indicated the amount of product in grams, a

measurement that plaintiff, and most U.S. citizens are unfamiliar with, and did not list the

amount in pounds/ounces, as required by the Fair Packaging and Labeling Act (FPLA), 15 U.S.C.

1451 et seq.  The product was deceptively packaged to give the consumer the impression that

they were purchasing much more product than was actually contained in the box.

The box that the product came in is 6 5/8" high.  The top of the box has a false top to

mask the actual size of a jar inside, which is 5 5/8" in height.  The false top creates an empty

space of 3.5" x 3.5" x 1".  The jar itself is only half filled with the product. [2]

Plaintiff has brought this putative class action alleging that defendant purposefully

designed its packaging and labeling to deceive consumers into thinking that they were purchasing

much more product than they were actually receiving.  This illicit practice is commonly known

as "deceptive packaging" and "slack fill".

---

[1]Plaintiff intends to submit an actual, unopened box of Berry Green, as **Exhibit "2"**, to the Court with its courtesy copy so that the Court can appreciate, first hand, the most compelling evidence of plaintiff's claim.  This is made especially important because defendant, in its submitted photocopy of the Berry Green package (defendant's Exhibit "A"), regrettably has reduced the actual size in both width and height.  Should the Court personnel not allow the package, plaintiff respectfully requests the opportunity to submit the box, perhaps at an oral argument.

[2]Attached, as **Exhibit "3"**, are photographs of the jar alongside the box and of the amount of product contained in the jar.

Defendant, pre-Answer, has moved to dismiss plaintiff's Complaint.  Defendant's motion is substantially based on its argument that although the main panel of the box only lists the weight of the product in grams, a side panel of the box that lists "Nutritional Facts" reads "Serving size 1 Tablespoon (6g)" and "Servings per container 30."  From this, defendant baldly concludes that plaintiff cannot prevail because she received the accurate amount of the product, "180 grams (30 tablespoons)" (See Defendant's Memo, p. 1).  However, as plaintiff's opposition will show, defendant's statement is inaccurate.  First, grams and tablespoons are not interchangeable.  Grams are a measure of weight, whereas tablespoons are a measure of volume.  Also, to make the matter further unclear, the left panel of the box, last paragraph, after the bold letters stating "Suggested Use", further defines the amount of a tablespoon as "approximately 6 grams."  See defendant's Exhibit "B".  Use of the word "approximately" negates any claimed accuracy.  More important, in an absolute contradiction of the statement that 1 tablespoon equals six grams, the front main panel of defendant's label, directly above the net weight, contains an illustration of a heaping tablespoon as a serving size, which does not and cannot equal six grams.  This further deceives the consumer into thinking that a heaping tablespoon equals one serving.  Thus, defendant's statement that plaintiff received the stated  "accurate" amount is inaccurate.

In any event, the product is concededly sold by net weight.  Adding the amount of "tablespoons" to another side panel of the box does not cure the failure to list the amount on the main panel in ounces.  Most important, it does not cure the deceptive size of the packaging or the slack fill.  Indeed, it is most telling that although plaintiff's cause of action is predicated on her specific allegations that the size of the packaging, in relation to the actual amount of product received,  was deceptive, defendant does not at all discuss the oversized packaging, or the false

2

top, or the empty space, or the size of the jar in relation to the box, or that the jar is only half full, or that the plaintiff only received 44.5% of product in relation to the packaging.

Next, defendant argues that there is no private right of action under the Fair Packaging and Labeling Act, 15 U.S.C. 1451 et seq. ("FPLA").  Although Section 1451 sets forth that it is the stated congressional intent in enacting the FPLA to enable consumers to obtain accurate information as to the quantity being purchased, plaintiff has been unable to find specific authority that creates a private cause of action for its violation.  Thus, to the extent that the Complaints states a separate cause of action for its violation, plaintiff requests leave to withdraw that cause of action.  However, plaintiff respectfully wishes to retain the factual allegations of defendant's violation of the FPLA as prima facie evidence of defendant's deceptive packaging.

Most important, defendant's argument misses the crux of plaintiff's Complaint.  Plaintiff is not suing  defendant solely based on a claimed violation of the FPLA, nor is plaintiff's suit brought to enforce defendant's compliance with the FPLA.  Plaintiff's Complaint is predicated on defendant's deceptive packaging, which was intentionally designed to make a consumer think that they were getting more product than they actually did, and thereby induce the consumer (plaintiff) to buy the product for $39.99.

Next, defendant seeks to dismiss plaintiff's Breach of Contract claim stating that there was no agreement and/or privity of contract between the parties.  Plaintiff respectfully submits that defendant's  packaging and distribution and sale of the product, presented the necessary agreement or privity of contract between the parties.  Also, defendant's relationship with the stores that sell Berry Green is unknown.  Respectfully, discovery is needed to determine their relationship.

3

Next, defendant claims that plaintiff's cause of action for common law fraud, violations under General Business Law Sections 349 and 350, as well as plaintiff's claims of unjust enrichment should be dismissed because "the only representation made by New Chapter - i.e., that the package contained 180 grams and 30 tablespoons of Berry Green - was completely accurate." However, as previously noted, this is an "inaccurate" statement. Defendant does not address why it did not list the net weight in ounces, as required by the FPLA. . More important, defendant's argument does not even mention, let alone answer, why the box is designed to be one inch higher than the jar, why the top of the box contains a false top that masks a 3 ½ "x3 ½ "x1" deep empty space, why the jar inside the box is 1" shorter than the box, and why the jar is only half filled with the product. Plaintiff respectfully submits that the defendant's packaging and labeling of its product was intended to falsely represent to the consumer that they were purchasing much more product than they really were.

## FACTS

On June 5, 2009[3], plaintiff purchased a box of Berry Green, a health food supplement, at the Whole Foods Market in Manhasset, New York. Berry Green is sold by net weight (Complaint, para. 1). The net weight of the product was listed solely in grams (180 grams) on the label of the box (Complaint, para. 13). The net weight was not listed in pounds or ounces, as required by the FPLA (Complaint, para. 13).[4]

---

[3]The Complaint, para. 12, mistakenly states that the purchase was in January, 2009. This was an error and should read June 5, 2009. See receipt attached as **Exhibit "4"**. It is well settled that this Court may consider the receipt since plaintiff relied on it in its drafting the Complaint. See ATSI, Inc. v. Sharr Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).

[4]The defendant, on page 2 of its Memorandum, states that the net weight on the main panel of the box is listed only in grams (180 grams) and that the nutritional guide on the side

4

Berry Green is packaged to create a false impression that the consumer is purchasing more than they are actually receiving (Complaint, para. 6). The box in which the Berry Green product is packaged is 6 5/8" tall (Complaint, para 12), and contains a jar that is 5 5/8" in height (Complaint, para. 15). There is an inner lid under the top of the box that is folded over to create an empty space of approximately 1" deep in the box (Complaint, para. 2). The jar is only half filled with the product (Complaint, para. 16). [5]

The plaintiff was not familiar with the metric system (Complaint, paras. 7, 19, 42 and 47). Due to defendant's deceptive packaging and slack fill, the plaintiff believed she was purchasing a much greater amount of the product than she actually received (Complaint, paras. 17, 19, 34, 39, 40, 42, 43 and 54).

---

panel states that it contains 30 tablespoons of Berry Green. Defendant then baldly concludes that "the Complaint does not, and cannot, allege that the information provided on the packaging was incorrect." Defendant misrepresents plaintiff's claims. None of plaintiff's causes of action are predicated on a claim that there was not 180 grams of product in the jar. Plaintiff did not weigh the product in the store or thereafter. What plaintiff claims is that the product is deceptively labeled and packaged to give the false impression that the consumer (plaintiff) was purchasing more product than she actually received.

[5] In an attempt to explain away this "discrepancy", defendant states that plaintiff "fails to state that on the product's side panel, it is clearly stated that, 'Product settles during shipment'." (Defendant's Memorandum, p. 3). Stating that a product settles to ½ of its volume due to shipping is self-serving and strains credulity. In any event, defendant's statement requires expert or other supporting evidence to prove its truth and is, thus, inappropriate to a Rule 12 (b)(6) motion. Also, the statement does not at all answer why the jar is packaged in a much bigger box that has a false top which masks an empty space of 3 ½ " x 3 ½" x 1" deep.

## ARGUMENT

POINT I
### PLAINTIFF HAS SUFFICIENTLY STATED A CLAIM
### UPON WHICH RELIEF CAN BE GRANTED

Defendant has moved to dismiss plaintiff's Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6). In determining such a motion, the test is whether the plaintiff is entitled to

offer evidence to support her claim, not whether she is ultimately likely to prevail. Chance v.

Armstrong, 143 F.3d 698, 701 (2d Cir. 1998). A Court must liberally construe the claims and

"accept[ ] all factual allegations in the Complaint and draw[ ] all reasonable inferences in the

plaintiff's favor." ATSI, Inc. v. Shaar Fund, Ltd., supra. The Court may also consider

"documents possessed by or known to the plaintiff and upon which it relied in bringing the suit."

Id. at 98. In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), the Court

held that, to survive a motion to dismiss, a plaintiff need only allege enough facts that make out a

claim that is "plausible on its face." 127 S. Ct. at 1974. In Iqbal v. Hasty, 490 F.3d 143, 157-158

(2d Cir. 2007), the court explained that Twombly only requires "a flexible plausibility standard,

which obligates a pleader to amplify a claim with some factual allegations in those contexts

where such amplification is needed to render the claim plausible."

Defendant, with nothing more to support its motion, baldly and tersely states that

plaintiff's Complaint "fails to allege well-pleaded facts sufficient to satisfy the requirements set

forth in Twombly and Iqbal, but rather, relies on conclusory allegations masquerading as

'facts'..." (p. 5). Rather than reference any specific allegations that defendant alleges to be

"conclusory", defendant simply ignores plaintiff's factual allegations in her Complaint of

6

defendant's failure to list the product's weight in ounces, a violation of the FPLA (Complaint

para. 3), plaintiff's reliance on the physical appearance of the jar (Complaint, paras. 40 and 42),

the size of the box (Complaint, paras. 2 and 12), the size of the jar (Complaint, paras. 2 and 15),

the actual amount of the product contained in the jar (Complaint, paras. 4, 6, 8, 16, and 19), the

cost of the product (Complaint, para. 14), that plaintiff only received 44.5% of the amount of the

product in relation to its packaging (Complaint, paras. 8 and 54), that due to the deceptive

packaging plaintiff believed she was purchasing a much greater amount of product that she

actually received (Complaint, paras. 17, 19, 34, 39, 40, 42, 43), and that had plaintiff known the

true amount of the product she would not have purchased it (Complaint, para. 42). It is

respectfully submitted that those clear factual allegations more than satisfy plaintiff's pleading

obligations.

POINT II

DEFENDANT'S VIOLATION OF 15 U.S.C. 1453 et seq. (FPLA)
IS PRIMA FACIE EVIDENCE THAT DEFENDANT'S PRODUCT
IS DECEPTIVELY PACKAGED

Defendant argues that the FPLA does not provide a private right of action. However,

plaintiff is not seeking to force the defendant to comply with the FPLA, nor is plaintiff seeking to

obtain monies simply because defendant violated its provisions. What plaintiff is seeking is

actual damages, to wit, 55.5% of the purchase price, which corresponds to the percentage of

product that plaintiff thought she was receiving but did not , due to the defendant's deceptive

labeling, packaging and slack fill. To the extent that plaintiff's Complaint presents defendant's

violation of the FPLA as a separate cause of action, plaintiff respectfully requests leave to amend

the Complaint to reflect defendant's violations of the FPLA only as factual allegations in support

7

of plaintiff's remaining causes of action, and as <u>prima</u> <u>facie</u> evidence of defendant's deceptive labeling and packaging.  Indeed, in <u>Verzani</u> v. <u>Costco</u>, 641 F. Supp. 2d 291, 296  (SDNY 2009), cited by the defendant, the Court noted that New York General Business Law 349(d) provides that compliance with the Federal Regulation governing the labeling is a complete defense to a cause of action based on a consumer protection claim.  Conversely then, a violation of the regulation should be admissible as evidence of deceptive labeling and packaging.

15 U.S.C. 1451 sets out the congressional intent of the FPLA, which is to insure that consumers obtain accurate information as to the quantity of the contents of the package.   15 U.S.C. 1451 provides:

> Informed consumers are essential to the fair and efficient
> functioning of a free market economy.  Packages and their labels
> should enable consumers to obtain <u>accurate</u> <u>information</u> as to the
> quantity of the contents and should facilitate value comparisons.
> Therefore, it is hereby declared to be the policy of the Congress
> to assist consumers and manufacturers in reaching these goals in
> the marketing of consumer goods.  (Emphasis supplied.)

15 U.S.C. 1452 specifically provides for the <u>prima</u> <u>facie</u> finding of a violation of the FPLA if the label or package does not conform to the provisions as set forth in 15 U.S.C. 1453 <u>et</u> <u>seq</u>.

15 U.S.C. 1452 provides:

(a) Nonconforming labels

> It shall be unlawful for any person engaged in the packaging or
> labeling of any consumer commodity (as defined in this chapter)
> for the distribution in commerce, or for any person (other than a
> common carrier for hire, a contract carrier for hire, or a freight
> forwarder for hire) engaged in the distribution in commerce of any

8

packaged or labeled consumer commodity, to distribute or to cause
to be distributed in commerce any such commodity if such
commodity is contained in a package, or if there is affixed to that
commodity a label, which does not confirm to the provisions of
this chapter and of regulations promulgated under the authority of
this chapter.

15 U.S.C. 1453 sets forth the labeling requirements, and specifically requires that net

quantity be stated in pounds/ounces and in metric weight.

15 U.S.C. 1453 provides:

(a) Contents of label

No person subject to the prohibition contained in section 1452 of
this title shall distribute or cause to be distributed in commerce any
packaged consumer commodity unless in conformity with
regulations which shall be established by the promulgating
authority pursuant to section 1455 of this title which shall provide
that -

(2) The net quantity of contents (in terms of weight
or mass, measure or numerical count) shall be
separately and accurately stated in a uniform
location upon the principal display panel of that
label, using the most appropriate units of both the
customary inch/pound system of measure, as
provided in paragraph (3) of this subsection, and, ...
the SI metric system;

(3) The separate label statement of net quantity of
contents appearing upon or affixed to any package -

(I) if on a package labeled in terms of
weight, shall be expressed in pounds,
with any remainder in terms of
ounces or common or decimal
fractions of the pound; . . . .

9

15 U.S.C. 1456 provides that the Federal Trade Commission be responsible for enforcement of the FPLA.  Those regulations are codified in 16 C.F.R. Part 500 et seq.

16 C.F.R. 500.6 governs the location of the net quantity of contents declaration, and provides that:

> (a) The label of a consumer commodity shall bear a declaration of the net quantity of contents separately and accurately stated on the principal panel.

> (b) The declaration of net quantity shall appear as a distinct item on the principal display panel, shall be separated (by at least a space equal to the height of the lettering used in the declaration) from other printed label information appearing above or below the declaration....  The declaration of net quantity of contents shall be placed on the principal display panel within the bottom 30 percent of the area of the label panel in lines generally parallel to the base on which the package or commodity rests as it is designed to be displayed....

Most important, the regulations recognize that many or most people in the United States are not familiar with the metric system, and, thus, 16. C.F.R. 500.8 requires that a commodity sold by weight be quantified by both pound or ounces and the metric equivalent.

16 C.F.R. 500.8, Units of weight or mass and measure, provides:

(a) Statements of weight or mass shall be in terms of both avoirdupois pound and ounce and SI metric kilograms, grams, or milligrams.  (Examples of avoirdupois/metric declarations: "Net Wt 15 oz (425 g)" or "Net Wt 1 ½ lbs (680 g) " or "2.5 oz (70.8)"; examples of metric/avoirdupois declarations: "Net Mass 425 g (15 oz)" or "Net Mass 680 g (1 ½ lbs)" or "100 g e (3.5 oz).")

Defendant concedes that the product "is sold by net weight" (Defendant's Memo, p. 2).  However, the weight is listed only in grams and not in pounds or ounces, in violation of the

10

FPLA, 15 U.S.C, Sec. 1453 et seq.[6] In an apparent attempt to explain away the obvious violation, defendant argues, in its Factual and Procedural Background, that the nutrition facts, on a side panel of the box, indicates a serving is one tablespoon (6g) and that there are 30 tablespoon servings. Even if that were true, this would still constitute a violation of FPLA because the statute requires that a product, if sold by weight, be stated "in terms of both avoirdupois pound and ounce and SI metric kilograms, grams or milligrams." 16 C.F.R. 500.8(a). By failing to label the weight of the product in pounds or ounces, the defendant has failed to comply with 16 C.F.R. 500.8(a), and this is simply not cured by listing on another side panel that there are 30 tablespoon servings. See also 16 C.F.R. 500.6 that requires that the declaration of net quantity be stated "on the principal panel."

Furthermore, as previously noted, grams are a measurement of weight, whereas a tablespoon represents volume. 16 C.F.R. 500.19 sets forth a table of conversion of SI metric quantities. The table shows that weight and mass are not interchangeable.

Moreover, even if defendant's argument that the side label stating that there are 30 tablespoons servings somehow excuses its obligation to list the amount of ounces on the main front panel, it should be noted that defendant's tablespoon is self defined on that side panel as a serving equaling six grams. That this measurement is not an "accurate" measurement, as required by 15 U.S.C. 1451, is proved by defendant's own modification of that definition on the left side panel, last paragraph, where the label reads "Suggested Use:" and defines the tablespoon as equaling "approximately" six grams. If that were not enough, defendant's "tablespoon" on

---

[6]On p. 5, ft. note 4, of Defendant's Memo, defendant states that "New Chapter does not concede that its Berry Green product failed to comply with the applicable sections of the FPLA in any material respect." Defendant's statement is ludicrous and needs no further comment.

11

the side panel is made even more "inaccurate" by defendant's illustration of a <u>heaping</u> tablespoon on the front main panel, directly above its statement of "NET WEIGHT 180 GRAMS", creating the impression that a <u>heaping</u> tablespoon equals one serving (six grams) when, in fact, it would be at least two to three times as much!

Defendant's failure to conform its labeling and packaging to the requirements set forth in 15 U.S.C. 1453 <u>et seq</u>. and 16 C.F.R. 500 <u>et seq</u>. constitutes a clear violation of the FPLA. While the statute, 15 U.S.C. 1451 does set forth its stated policy, which is to benefit the consumer, plaintiff has been unable to find specific authority that holds that the statute creates a private right of action. However, as previously noted, plaintiff is not seeking damages based solely on defendant's violation of the statute, but plaintiff does wish to allege the factual violations of the statute to support her claims that defendant's labeling and packaging were deceptive. This, in addition to plaintiff's primary allegations that the size of the package, the intentional false top on the box, and the size of the jar, created the false impression that the consumer was buying much more product than she actually did. Indeed, as alleged in plaintiff's Complaint, para. 8, plaintiff only received 44.5% of product in relation to the packaging. Why was the packaging so disproportionate to the actual product received? This question, and obviously then plaintiff's claim of fraud and deceptive packaging, is wholly ignored in defendant's motion.

POINT III

THE DEFENDANT, BY ITS DECEPTIVE PRACTICES,<br>BREACHED ITS CONTRACT WITH THE PLAINTIFF

Defendant claims that plaintiff's cause of action for Breach of Contract fails because

12

there is no agreement or privity of contract between the parties.  However, it is respectfully

submitted that that is not so.  When a good is offered for sale, and that good is purchased by the

consumer, a contract has been formed.  See N.Y.U.C.C. 2-106(1).  By packaging and distributing

the produce in the size package that it did, defendant created an impression of the amount of

product being offered for sale and created an agreement with the consumer (plaintiff) that if she

purchased the item, she would receive that amount.  Plaintiff sufficiently pled that the defendant

breached that agreement with her by failing to provide the amount of the product that it appeared

from the packaging that the plaintiff was actually purchasing (Complaint, para. 34).  See Randy

Knitwear v. American Cyanamid Co., 11 N.Y.2d 5, 14 (1962).

Additionally, defendant's packaging and labeling of the product constituted a breach of

the implied covenant of good faith and fair dealing existing in defendant's offer for sale of the

Berry Green product (Complaint, para. 35).  Defendant apparently recognizes the merit of

plaintiff's position (Defendant's Memo., p. 9), but argues that there cannot be a breach of

contract since "New Chapter clearly and accurately represented the contents and weight of the

Berry Green product that Waldman purchased..." (emphasis supplied).  As previously set out at

length in plaintiff's Statement of Facts, and in plaintiff's Argument Point II, defendant's

statement is incorrect.

Moreover, defendant's argument totally ignores plaintiff's main allegations  with regard

to the size of the box in relation to the size of the jar in relation to the amount of the product

actually contained therein.  As previously noted, and as alleged in plaintiff's Complaint, para 8,

the amount of product only represented 44.5% of product in relation to its packaging.  In other

words, the height and width of the package represents a contract that the amount of the product

13

contained therein reasonably relates to the size of the package.  Here, the box is 6 5/8" in height,

the jar inside the box is 5 5/8" high, there is a false top created by folding an inner lid of the box

that serves no purpose other than to create an empty space measuring 3 ½" x 3 ½" x 1", purposely

to give the look of a larger package and thereby mask the size of the jar contained therein, and,

most important, the jar itself is only half filled with the actual Berry Green Product.  These

factual allegations are simply ignored by the defendant.

Defendant's citation of Art Glick Leasing, Inc. v. William J. Petzold, Inc., et al, 51 A.D.

3d, 1114, (3d Dept. 2008) does not support defendant's position, but rather supports plaintiff's

position.  In the Glick case, the plaintiff bought a boat from the defendant Petzold, a boat dealer,

and selected, as optional equipment, engines manufactured by the defendant, Caterpillar.  The

boat was manufactured by the defendant Ocean Yachts.  Plaintiff sued claiming problems with

the boat's engines.  The Court noted  that the plaintiff could collect from Caterpillar, even though

it had no retail relationship with Caterpillar, based on representations made by a manufacturer in

its advertisements regarding a product upon which a purchaser relies, but upheld dismissal of the

suit against Caterpillar based on the jury's finding that the language in the Ocean Yachts'

brochure constituted statements made by Ocean Yachts rather than by Caterpillar, id, at page

1116.  Indeed, the Court sited the case of Randy Knitwear , supra,  wherein the New York Court

of Appeals extended warranty protection to a sub-purchaser who justifiably relied on

representations made by the manufacturer to the public through advertising or on labels or tags

on the goods themselves, i.e., "will not shrink".  See also, County of Chenango Indus. Dev.

Agency v. Lockwood Greene Engrs., 114 A.D.2d, 728, 730 (3d Dept. 1985), appeal dismissed 67

NY2d, 757, also cited in Glick, supra, wherein the Court noted that lack of privity is not fatal

14

where plaintiffs alleged that the manufacturer made representations in advertising upon which the plaintiffs relied. The Court also noted therein that that would hold true for negligent representation. Thus, these cases support plaintiff's position based on plaintiff's allegations that it relied on the size and appearance of the box (advertisements) in making her purchase.

Also, defendant's citation of <u>Verzani</u> v. <u>Costco Wholesale Corporation</u>, <u>supra</u>, is inapposite. That case involved the sale of a tray of shrimp enclosed by a see through container. The issue presented was whether the net weight of 16 ounces was meant to include just the shrimp, or also the cocktail sauce, lettuce and lemon wedge. The Court dismissed plaintiff's cause of action because the label indicated the weight to include "shrimp tray with cocktail sauce". Thus, that case has no relevance to the case at bar. Indeed, if anything, the case supports plaintiff's position because, as noted, the tray came in clear plastic and its contents were readily visible. Despite that the consumer could see what he was buying, the Court did not dismiss on that basis. Here plaintiff could <u>not</u> see the amount of product contained in the packaging and was fooled by the packaging into thinking that there was much more inside the package.

Finally, as previously noted, plaintiff purchased the Berry Green from the Whole Foods Market store in Manhasset. The relationship of the defendant to the store is unclear. Defendant admits that it manufactures and distributes the product to the retailers. Does the store sell the product as an agent of the defendant? Does the store take the product on consignment, or purchase it outright from the defendant? Who determines the price? It is respectfully requested that plaintiff be given the opportunity of discovery as to the relationship between the defendant and the Whole Foods Market.

15

POINT IV

PLAINTIFF HAS PLEADED FACTS SUFFICIENT
TO SUPPORT A FINDING OF FRAUD

Defendant cites the case of S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp., 84 F.3d

629, 633 (2d Cir. 1996) for the proposition that in order to successfully plead a common law

claim of fraud under New York law, a plaintiff must allege 1. a material and false representation,

2. intent to defraud, 3. reasonable reliance on the representation and 4. damage to the plaintiff.

Defendant then goes on to baldly and conclusorily state (p. 12) that, "[t]he only 'representation'

made to Waldman for purposes of her fraud claim was on the label of the Berry Green packaging

- stating that it contained 180 grams (and (30) tablespoons) of product." As previously set out in

detail, that statement is simply not so. However, more to the point, defendant, by this

statement, is attempting to obscure the real fraud claimed by plaintiff, that is, defendant's false

"representations" made by its deceptive packaging.

**MATERIAL AND FALSE REPRESENTATIONS**

Defendant's deceptive packaging, i.e, the size of the packaging in relation to the actual

amount of the product contained therein, is what forms the basis to support plaintiff's cause of

action for fraud (Complaint, para. 1). The complaint specifically alleges that the outer box in

which the Berry Green is displayed and sold is 6-5/8 inches in height. Inside the box is a jar that

is only 5-5/8 inches in height. Thus, the size of the box is designed to give the impression that

there is more in the box than there actually is (Complaint, para. 2). The jar inside is only half

full. Thus, even if the net weight of 180 grams is correct, the size of the jar gives the impression

that the consumer is buying much more than is actually contained in the jar (Complaint, para. 4).

**INTENT TO DEFRAUD**

The top of the box is so designed to create a false top in the box. This is accomplished by folding down an inner lip of the box to create an empty space measuring 3-1/2 inches x 3-1/2 inches x 1 inch deep. The folded top serves no purpose other than to create a false impression of a larger package but, in reality, masks the smaller size of the jar contained therein. The jar is shockingly only half full. Based on these facts, an intent to defraud the consumer can clearly be inferred.

**REASONABLE RELIANCE ON THE REPRESENTATION**

It is common sense that the physical appearance of the packaging of a commodity affects a consumer's purchase of the item, and nowhere does the defendant contest such an obvious fact. The packaging of the product was so designed to make the consumer believe that they were buying more of the product than was actually sold (Complaint, para. 17). Plaintiff was induced by, and relied on, the packaging that she was purchasing an amount of product in a much greater quantity than was actually contained therein (Complaint, para. 40). Had the plaintiff known the true amount of the product therein, she would not have purchased the product (Complaint, para. 42).

**DAMAGE TO THE PLAINTIFF**

Plaintiff purchased Berry Green for $39.99 (Complaint, para. 5). Plaintiff only received 44.5% of the product that she thought she was purchasing (Complaint, para. 8). Thus, plaintiff was damaged by paying 55.5% of $39.99 for something that she thought she was going to receive but did not.

These allegations clearly support plaintiff's Common Law claim of fraud. <u>See</u>

17

S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp., supra.  It would have been informative, to say the least, for the defendant to have told us what was the point of the size of the box and the false top other than to create the false "representation" to the plaintiff and potential consumers that the box contained more product than it actually did.  One need only open the jar to see how shockingly deceptive the size of the package is to the amount of the product actually contained therein.

For some unexplained reason, defendant, in his memorandum of law, has self-servingly and baldly concluded that the actual appearance of the box does not constitute a "representation" to the consumer.   Common sense dictates that packaging and labeling constitute "representations", and the defendant has not cited any authority to the contrary.

Finally, in an attempt to explain away the shockingly small amount of product actually contained in the jar, i.e., ½ of the jar, defendant, in its Statement of Facts, p. 3, suggests that this was because the product settles during shipping.  If it is defendant's contention that  the product, actually fills up the entire jar but then settles to ½ of the jar due to shipment, this is incredulous and, at the very least, requires expert testimony or other evidence which is dehors the Complaint and is inappropriate to be stated as a fact on a motion pursuant to FRCP 12(b)(6).  Also, this does not explain why the box was so much larger than the jar and was designed with a false top.

POINT V

PLAINTIFF HAS STATED A SUFFICIENT CLAIM<br/>PURSUANT TO NEW YORK GENERAL BUSINESS LAW 359 & 350

Plaintiff purchased the product at a Whole Foods Market in Manhasset, New York (see receipt attached as Exhibit "4").  Defendant contends that plaintiff's claims pursuant to New

18

York General Business Law 349 and 350 must fail because "a reasonable consumer would not be deceived by the clear and accurate label on the Berry Green package stating how much product it contained." (Defendant's Memo, p. 14.)  As previously noted, defendant's statement is inaccurate.

First, the defendant failed to comply with the FPLA which is <u>prima</u> <u>facie</u> evidence of defendant's deceptive packaging and labeling.  Moreover, the Nutritional Guide on the side of the box stating that "serving size - 1 tablespoon (6g)" and "servings per container 30" does not cure the failure to list the amount in  pounds/ounces on the front main panel, as required by the FPLA.  Further, it is simply specious for defendant to contend that the tablespoon measurement is "accurate" given that left side panel, where it states,  "Suggested Use," describes the tablespoon measurement as "approximately" six grams.   Furthermore, defendant's  illustration of a tablespoon full on the main front panel of the box, just above the net weight,  shows a <u>heaping</u> tablespoon as a serving which cannot be six grams.

Most important, even assuming that the net weight was 180 grams, and there were 30 tablespoons in the jar, and ignoring the panel that further defines the tablespoon as being approximate, and ignoring the illustration of a heaping tablespoon, defendant's argument still ignores the main allegations of the Complaint that the size of the box conveyed the deceptive impression that there was more product in the box than there actually was.  Defendant fails totally to even mention, let alone counter, plaintiff's allegations that the outside box is 6 5/8" tall, that there is a false top to the box that was created by folding an inner lid that masks a 3 ½" x 3 ½" x 1" empty space, that the jar inside the box is 5 5/8" high, and that the jar itself is only ½ full of the actual product.  These measurements, and especially the size of the outside package in

19

relation to the amount of product contained therein, were clear misrepresentations to the plaintiff to induce her into buying the product for $39.99 thinking she was getting much more product than she actually did.

Defendant obviously recognizes the deception presented by the size of the box in comparison to the amount of product contained therein because the defendant states, matter of factly, that "the package clearly states that the product settles during shipment." But, defendant's explanation lacks credulity. It is respectfully submitted that the statement was intentionally put on the box so that when the consumer opened the jar and saw how little there was inside, the consumer might be mislead into believing that that actually was what happened. In any event, defendant's "explanation" that the small amount of product was due to settling during shipment is a matter of proof that requires expert opinion or other evidence to support it, and is, thus, inappropriate to a motion to dismiss pursuant to FRCP 12(b)(6).

Next, defendant claims that plaintiff's claim under New York General Business Law 350 must fail. Rather than point to any specific deficiency in plaintiff's pleadings, defendant simply states that "[a]s with General Business Law 349 the test is whether the advertisement is likely to mislead a reasonable consumer under the circumstances" (Defendant's Memo., p. 18) and then conclusorily states, matter of factly, that the box itself cannot constitute an advertisement. Notably, defendant cites no authority for that proposition. To the contrary, common sense dictates that the specific packaging displayed on a shelf in search of a potential customer, clearly constitutes an advertisement.

Next, defendant argues that plaintiff's claim must fail because plaintiff does not plead that she relied on the advertisement. As previously noted, the size of the box created the

20

impression, or "advertisement" of the amount of product that the consumer expects to obtain.  As

previously noted in detail, the box gives (advertises) the deceptive impression that there is more

product contained in the box than there actually was.  The size of the box itself was the

advertisement.  That advertisement was deceiving in relation to the actual product contained

therein.  Defendant conveniently ignores that argument and the factual allegations of the

Complaint underpinning that argument.  See, e.g., para. 40 of plaintiff's Complaint wherein

plaintiff specifically alleges that she was "induced by and relied on defendant's false and

misleading labeling, packaging, representations and omissions" and did not know at the time that

she purchased the product that she was only purchasing an amount of product that was less that

half than size of the box in which the product was packaged.  Had the defendant honestly

packaged the product, plaintiff would not have spend $39.99 to buy so little product (see

Complaint, para. 42).

Defendant's citation of Small v. Lorillard Tobacco Co., 94 N.Y.2d 43 (1999), is

inapposite.  In that case, plaintiffs claimed that the defendant cigarette company failed to tell

them that nicotine was addictive and fraudulently induced them to buy and continue to smoke

cigarettes.  During the litigation, the plaintiffs abandoned their claim of addiction, and only

sought recovery for the purchase price of cigarettes as their injury.  The Court rejected plaintiffs'

injury, explaining that it did so because addiction was "inescapably the cornerstone of plaintiffs

claims.  Because plaintiffs abandoned the addiction component of the legal theory, they,

therefore, fail to demonstrate that they were 'actually harmed' or suffered pecuniary injury by

reason of any alleged deception within the meaning of the statute.  They cannot have it both

ways.  Without addiction as part of the injury claim, there is no correlation between the

21

misrepresentation and any harm from or failure of, the product." Id at 56.

POINT VI

DEFENDANT WAS UNJUSTLY ENRICHED BY ITS DECEPTIVE PACKAGING

Plaintiff purchased the product from Whole Foods Market in Manhasset, New York. By the Declaration of Mark Gavin, the President and Chief Financial Officer of New Chapter, Inc. (attached as Exhibit A to defendant's motion) admits that it was responsible for the packaging and distribution to retailers of the Berry Green product.

Defendant, as it has done throughout the motion, posits its contention that plaintiff's action should be dismissed because the label on the product was accurate. As previously noted time and again, that is an inaccurate statement. Defendant deceptively packaged its product to give the impression that the consumer was obtaining much more of the product than they actually did.

Next, defendant contends that plaintiff has failed to allege any relationship between herself and defendant that can support a cause of action for unjust enrichment. Defendant's conclusory statement is in error. Defendant's deceptive packaging of its product and subsequent distribution to its retailers is sufficient to support, at the very least, a quasi-contractual relationship between the plaintiff and defendant. See Randy Knitwear v. American Cyanamid Co., supra. Defendant has cited no authority that holds otherwise.

Defendant, in closing, baldy and tersely again states that plaintiff's "assertion that the quantity of the Berry Green she purchased 'was not what it purported it to be by its labeling and packaging' is disingenuous in light of the clear statements on the packaging informing Waldman exactly how much Berry Green it contained." As previously noted, defendant's statement is

22

incorrect.  Defendant does not seriously deny its failure to comply with the requirements of the

FPLA, nor does it explain how the side panel of the box, where it states 1 tablespoon equals

"approximately" 6g, equals a statement of accurate quantity, nor does the defendant explain the

deceptive illustration on the main front panel of the box that shows the tablespoon to equal a

heaping tablespoon, nor does the defendant explain why the actual package is 6 5/8" high while

the inner jar is only 5-5/8" high, nor does the defendant explain why the top of the package

masks a false top and creates an empty space of 3 ½" x 3 ½" x 1", nor does the defendant explain

why the jar inside the package is only ½ full, and, finally, the defendant does not explain why the

amount of product in relation to the package is only 44.5% of the package.  All of these factual

allegations are not even mentioned by the defendant in its motion, let alone countered by any of

defendant's arguments.  The logical conclusion is that the packaging was designed to deceive the

consumer (plaintiff) into believing that she was buying much more product than she actually

received.  Defendant, by its deceptive packaging and slack-fill, was unjustly enriched to the

extent as claimed in plaintiff's Complaint (paras. 8 and 54), that is 55.5% of the purchase price

which represents the proportionate amount of product that the plaintiff was led to believe she was

purchasing but did not.

        Finally, although not argued by defendant, usually an unjust enrichment claim cannot

stand as plaintiff has also pled a breach of contract cause of action.  Here, since defendant

contests the validity of evidence of a "contract", (defendant's Point III), both causes of action

may be pled in the alternative.  See, e.g. MacPhee v. Verizon, 2008 WL 162899 at 6 (S.D.N.Y.

January 15, 2009).

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court deny defendant's

motion to dismiss plaintiff's claims, and for such other and further relief as this Court may deem

just and proper.

DATED:          Fresh Meadows, NY
                December 18, 2009

                                    Respectfully submitted,

                                    Harry I. Katz, P.C.

                                    By: Harry I. Katz (5814)
                                    Attorneys for Plaintiff
                                    61-25 Utopia Parkway
                                    Fresh Meadows, NY 11365
                                    (718) 463-3700


TO:    BRYAN CAVE LLP.
       By: David Kasakove, Esq.
       Attorneys for Defendant
       1290 Avenue of the Americas
       New York, NY 10104
       (212) 541-2096

24

EXHiBiT 1

08/12/2009 15:44 FAX 718 886 3410          HARRY I KATZ PC                                    ☒001

JS 44 (Rev. 12/07)                    **CIVIL COVER SHEET**

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

AUG 12 2009

**I. (a) PLAINTIFFS**
*ANNA WALDMAN*

**DEFENDANTS**
*NEW CHAPTER,* **BROOKLYN** *OFFICE*

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

**09 3514**

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
*Harry I. Katz, P.C.*
*61-25 Utopia Parkway*
*Fresh Meadows, NY 11365*
*718-463-3700*

Attorneys (If Known)

**II. BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff
☒ 3   Federal Question (U.S. Government Not a Party)

☐ 2   U.S. Government Defendant
☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|                                   | PTF | DEF |                                                   | PTF | DEF |
|-----------------------------------|-----|-----|---------------------------------------------------|-----|-----|
| Citizen of This State             | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State          | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                              | ☐ 6 | ☐ 6 |

*SEYBERT, J*
*ORENSTEIN, M.J*

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
*28 USC Sec. 1332(d)*
Brief description of cause:
*Class action—defendant improperly labels its product content*

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ *Excess of 5,000,000*
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE   *8/12/09*
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   _____   AMOUNT   _____   APPLYING IFP   _____   JUDGE   _____   MAG. JUDGE   _____

AO 440 (Rev. 5/85)   Summons in a Civil Action ⊕

# United States District Court

_EASTERN_ _____ DISTRICT OF _ _NEW YORK_

ANNA WALDMAN, on behalf
of herself and others
similarly situated,

### SUMMONS IN A CIVIL ACTION

V.

CASE NUMBER **09 3514**

NEW CHAPTER, INC., P.O. BOX 1947, Brattleboro, VT 05302

**SFYBERT.**

TO: (Name and Address of Defendant)

NEW CHAPTER, INC.,

**ORENSTEIN, M.J.**

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Harry I. Katz, P.C.
61-25 Utopia Parkway
Fresh Meadows, NY 11365

an answer to the complaint which is herewith served upon you, within ___30___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

ROBERT C. HEINEMANN

CLERK

DATE   AUG 13 2009

BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
ANNA WALDMAN on behalf of
herself and others similarly
situated,

              Plaintiffs,

   -against-

NEW CHAPTER, INC.,

            Defendant.
--------------------------------X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ AUG 1 2 2009 ★

JURY TRIAL DEMANDED **BROOKLYN OFFICE**

CLASS ACTION COMPLAINT

Case No. **09 3514**

**ORENSTEIN, M.J.** SEYBERT. **Ⅎ**

    Plaintiff, ANNA WALDMAN,  individually, and on behalf of all
other persons similarly situated, by her undersigned attorney,
HARRY I. KATZ, P.C., as and for her Complaint against the
defendant, alleges the following based upon personal knowledge as
to herself and her own action, and, as to all other matters,
respectfully alleges, upon information and belief, as follows
(plaintiff believes that substantial evidentiary support will
exist for the allegations set forth herein after a reasonable
opportunity for discovery):


### NATURE OF THE ACTION


    1. This action seeks redress for a deceptive and otherwise
improper business practice that defendant, New Chapter, Inc.,
engages in with respect to its labeling and packaging of a
product called "Berry Green".  New Chapter, Inc. formulates,
labels, packages and distributes a product labeled as "Probiotic
BERRY GREEN" (hereinafter "Berry Green").  The product is sold by
net weight. The weight is listed in grams only (180) and not

pounds/ounces, in violation of 16 C.F.R. 500, <u>et</u>. <u>seq</u>. (Sec.
500.8). Also, the size of the box and the jar, in which the
actual product is contained, makes it appear that the consumer is
buying more than what is actually being sold.

2. "Berry Green" is sold in a box which is approximately 6
& 5/8" in height. Inside the box is a jar which is approximately
5 & 5/8" in height. Thus, the size of the box is designed to
give the impression that there is more in the box than there
actually is.

3. The outside of the box is labeled "net weight 180
grams". There is no mention of what it is in pounds or ounces,
which is a violation of 16 C.F.R. 500.8.

4. The jar inside the box is only approximately ½ full.
Thus, even if the net weight of 180 grams is correct, the size of
the jar gives the impression that the consumer is buying more
than is actually contained in the jar.

5. The price of the product was $39.99.

6. The size of the box and the size of the jar, in relation
to the actual amount of the product contained therein gives the
false impression that the consumer is buying more than they are
actually receiving.

7. The failure to post the product weight in ounces, further deceives the consumer because most consumers in the United States are unfamiliar with weight measurement in "grams" as opposed to pounds/ounces.

8. This suit is brought pursuant to U.S.C.A. 1453 and 16 C.F.R. 500, et. seq., 16 C.F.R. 500.8; New York Business Law Sections 349 and 350; breach of contract, New York and nationwide; fraud, New York and nationwide; on behalf of a class of all persons who purchased Berry Green in packages as described above. It seeks, inter alia, compensatory damages, including, but not limited to, a refund of 55.5% of the purchase price charged to consumers [the purchase price less the percentage of the actual product received (44.5%) relates to the size of the package], attorneys fees and the costs of this suit.

## JURISDICTION AND VENUE

9. This Court has jurisdiction, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. Section 1332(d), because the matter in controversy in this class action exceeds $5,000,000.00 and because it is a class action in which members of the putative class are citizens of states different from the defendant. Defendant, New Chapter, Inc., is a foreign corporation licensed and doing business in the State of New York. Plaintiff is a resident of New York state and members of the class reside in New York state.

10. Venue is appropriate in this Court because plaintiff is a resident of this district, residing at 75 Meadows Woods Road, Great Neck, New York, County of Nassau, State of New York.

## OPERATIVE FACTS

11. Defendant, New Chapter, Inc., is a business that packages, markets, distributes and sells dietary supplements throughout the United States.

12. On or about January, 2009, plaintiff, ANNA WALDMAN, purchased a box of Berry Green. The box that she purchased is 6 & 5/8" in height.

13. The label on the box states "net weight 180 grams". There was no mention on the box as to what this amount is in pounds or ounces.

14. The price of this product was $39.99.

15. The jar inside is 5 & 5/8" in height.

16. When plaintiff opened the jar, it was only approximately halfway full.

17. The packaging of the product and the failure of defendant to state the net weight of the product in pounds or ounces constitutes unlawful business acts and practices and is geared to making the customer believe that he/she is buying more of the product than what is actually being sold.

18. As defendant is well aware, there are two main systems of measurement in the world: the U.S. Customary System and the International (Metric) System:

The U.S. Customary System is the system used in the United States. It measures weight in ounces, pounds and tons.

19. Defendant is well aware that the average United States consumer is familiar with measures based on the United States Customary System, i.e., ounces, pounds, and not the metric system, i.e., grams. Despite this, defendant purposely labeled its product in terms of "grams" only. The failure to state the amount of product being sold in a measurement that the average customer is familiar with, coupled with the size of the box and jar in relation to the actual amount of the product contained therein, was intended to mislead the consumer into believing the consumer was getting more of the product than what was actually in the container.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action as a class action pursuant
to Class Action Fairness Act of 2005, 28 U.S.C. Section 1332(d),

21. The members of the Class are so numerous that joinder
of all members is impracticable. While the exact number of Class
members is unknown to plaintiff at this time and can only be
ascertained through the appropriate discovery, plaintiff believes
that there are hundreds or thousands of members in the proposed
Class. Other members of the Class may be identified from records
maintained by defendant and may be notified of the pendency of
this action by mail, or by advertisement, using the form of
notice similar to that customarily used in class actions such as
this.

22. Plaintiff's claims are typical of the claims of the
members of the Class as all members of the Class are similarly
affected by defendant's wrongful conduct.

23. Plaintiff will fairly and adequately protect the
interests of the members of the Class in that she has no
interests antagonistic to those of the other members of the
Class. Plaintiff has retained experienced and competent counsel.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages sustained by individual Class members may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the Class to individually seek redress for the wrongful conduct alleged herein. If Class treatment of these claims were not available, defendant would likely unfairly receive thousands of dollars or more in improper charges.

25. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the common questions of law fact to the Class are:

    (a)   Whether defendant labeled, packaged, marketed, advertised and/or sold the Berry Green products to plaintiff, and those similarly situated, using false, misleading and/or deceptive packaging and labeling.

    (b)   Whether defendant's action constitute violations of U.S.C.A. 1453; 16 C.F.R. 500, et. seq., 16 C.F.R. 500.8;

    (c)   Whether defendant's actions constitute violations of the New York General Business Law Sections 349 and 350;

    (d)   Whether defendant omitted and/or misrepresented material facts in connection with the labeling, packaging, marketing, advertising and/or sale of Berry Green;

(e) Whether defendant's labeling, packaging, marketing, advertising and/or selling Berry Green constituted an unfair, unlawful or fraudulent practice;

(f) Whether, and to what extent, injunctive relief should be imposed on defendant to prevent such conduct in the future;

(g) Whether the members of the Class have sustained damages as a result of defendant's wrongful conduct;

(h) The appropriate measure of damages and/or other relief;

(i) Whether defendant has been unjustly enriched by their scheme of using false, misleading and/or deceptive labeling, packaging or misrepresentations, and;

(j) Whether defendant should be enjoined from continuing their unlawful practices.

26. The class is readily definable, and prosecution of this action as a Class action will reduce the possibility of repetitious litigation. Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a Class action.

**AS AND FOR A FIRST CAUSE OF ACTION**
**Violation of 15 U.S.C.A. 1453 &**
**16 C.F.R. 500, et. seq. & 16 C.F.R. 500.8**
**NEW YORK AND NATIONWIDE**

27. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

28. Such acts of defendant, as described above, and each of them constitute unlawful business acts and practices.

29. 16 C.F.R. 500.8 (a) provides:

Statement of weight or mass shall be in terms of both avoirdupois pound and ounce and SI metric kilograms, grams or milligrams (Examples of avoirdupois/metric declarations: "Net Wt 15 oz (425 g)" or "Net Wt 1 ½ lbs (680 g)" or "2.5 ox (70.8 g)"; examples of metric/avoirdupois declarations: "Net Mass 425 g (15 oz)" or "Net Mass 680 g (1 ½ lbs)" or "100 g e (3.5 oz).")

30. By failing to label the product and advise the consumer of the weight in pounds/ounces, defendant has failed to comply with 16 C.F.R. 500, et. seq., 16 CFR 500.8.

31. 15 USCA 1453 provides:

**Requirements of labeling; placement, form, and contents of statement of quantity; supplemental statement of quantity**

(a) - Contents of label

No person subject to the prohibition contained in Section 1452 of this title shall distribute or cause to be distributed in commerce any packaged consumer commodity unless in conformity with regulations which shall be established by the promulgating authority pursuant to section 1455 of this title which shall provide that--

(2) The net quantity of contents (in terms of weight or mass, measure, or numerical count) shall be separately and accurately stated in a uniform location upon the principal display panel of that label, using the most appropriate units of both the customary inch/pound system of measure, as provided in paragraph (3) of this subsection, and, except as provided in paragraph (3)(A)(ii) or paragraph (6) of this subsection, the SI metric system;

     (3)   The separate label statement of net quantity
           of contents appearing upon or affixed to any
           package-

     (A)(I)    if on a package labeled in terms of
               weight, shall be expressed in
               pounds, with any remainder in terms
               of ounces or common or decimal
               fractions of the pound...

32. By failing properly to label the product and advise the consumer the weight in pounds/ounces, defendant has failed to comply with 15 USCA 1453.

## AS AND FOR A SECOND CAUSE OF ACTION
### (BREACH OF CONTRACT)
### New York and Nationwide

33. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

34. Defendant breached its agreement with plaintiff and the Class by failing to provide the product in an amount that it appeared that plaintiff, and the Class, were actually purchasing.

35. Additionally, or alternatively, defendant's packaging and labeling of the product constitutes a breach of the implied covenant of good faith and fair dealings existing in defendant's agreement with plaintiff and the Class.

36. Plaintiff and the Class have been injured as a result of defendant's breach of its agreement.

37.   Defendant is liable to plaintiff and the Class for
damages sustained as a result of the breach.

### AS AND FOR A THIRD CAUSE OF ACTION
### (Common Law Fraud)
### NEW YORK AND NATIONWIDE

38.   Plaintiff repeats and realleges each and every
allegation contained above as if fully set forth herein.

39.   Defendant intentionally made materially false and
misleading representations regarding the size, amount and
contents of the Berry Green product.

40.   Plaintiff and the Class were induced by, and relied on,
defendant's false and misleading labeling, packaging,
representations and omissions and did not know at the time that
they were purchasing the product that they were only purchasing
an amount of product that was less than half the size of the box
in which the product was packaged and/or less than half the size
of the jar in which the product was contained.

41.   Defendant knew or should have known of its false and
misleading labeling, packaging and misrepresentations and
omissions.   Defendant nevertheless continued to promote and
encourage customers to purchase the product in a misleading and
deceptive manner.

42.   Had defendant adequately disclosed the true amount of the product, plaintiff would not have purchased defendant's product.

43.   Plaintiff and the Class have been injured as a result of defendant's fraudulent conduct.

44.   Defendant is liable to plaintiff and the Class for damages sustained as a result of defendant's fraud, in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Violation of General Business Law Sections 349 and 350
### New York

45.   Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

46.   Defendant's conduct constitutes deceptive acts or practices and/or false advertising in the conduct of business, trade or commerce or on the furnishing of goods in this state which effects the public interest under New York General Business Law Section 349 and 350.

47.   Defendant's conduct was materially misleading to plaintiff and the Class.

48.   During the Class period, the defendant carried out a plan, scheme and course of conduct which was consumer oriented.

49.  Plaintiff and the Class were injured by defendant's conduct.

50.  The injuries to plaintiff and the Class were foreseeable to defendant.

51.  Defendant is liable for injuries sustained by Plaintiff and the Class to the maximum extent allowable under New York General Business Law Sections 349 and 350.

### AS AND FOR A FIFTH CAUSE OF ACTION
### Unjust Enrichment
### NEW YORK AND NATIONWIDE

52.  Plaintiff realleges and incorporates by reference the above paragraph as if set forth herein.

53.  As a result of defendant's deceptive, fraudulent and misleading labeling, packaging, advertising, marketing and sales of Berry Green, defendant was enriched, at the expense of plaintiff and all others similarly situated, through the payment of the purchase price for defendant's Berry Green product.

54.  Under the circumstances, it would be against equity and good conscience to permit defendant to retain the ill-gotten benefits that it received from plaintiff, and all others similarly situated, in light of the fact that the quantity of the Berry Green product purchased by plaintiff, and all others similarly situated, was not what defendant purported it to be by

its labeling and packaging. Thus, it would be unjust or inequitable for defendant to retain the benefit without restitution to plaintiff, and all others similarly situated, for 55.5% of the purchase price of Berry Green, which represents the percentage of the amount of product actually received (44.5%) to the size of the packaging.

WHEREFORE, plaintiff prays for relief and judgment as follows:

(A) For an Order certifying this action as a Class Action pursuant to the provisions of Class Action Fairness Act 28 USC Sec. 1332 (a), with plaintiff certified as representative of the Class;

(B) For compensatory damages in favor of plaintiff and the Class (55.5% of the purchase price);

(C) For punitive damages on plaintiff's fraud claim, in an amount not less than three times the total damages as determined at trial;

(D) For other damages as prescribed by law, including treble damages in excess of the statutory minimum under General Business Law Section 349;

(E) For costs and disbursements incurred in connection with this action, including reasonable attorney's fees and expenses.

(F) For pre- and post-judgment interest; and

(G) For such other and further relief as the Court deems just and proper.

Yours, etc.,

HARRY I. KATZ, P.C.
Attorneys for Plaintiff

BY: Harry I. Katz
61-25 Utopia Parkway
Fresh Meadows, NY   11365
718-463-3700

STATE OF NEW YORK )
)s.s.:
COUNTY OF QUEENS )

Anna Waldman                being duly sworn deposes and says:

Deponent is the plaintiff in the within action and has read the foregoing

Class Action Complaint

and knows the contents thereof, that the same are true to deponent's own knowledge, except as to

the matters therein stated to be alleged on information and belief and as to those matters

deponent believes them to be true.

Anna Waldman

Sworn to before me this 4th
day of August , 200 9

Notary Public

JOANN EVERS
Notary Public, State of New York
No. 01EV4988644
Qualified in Queens County
Commission Expires November 12, 2009

ED STATES DISTRICT COURT
TERN DISTRICT OF NEW YORK

NA WALDMAN, ON BEHALF OF HERSELF AND OTHERS SIMILARLY SITUATED,

-against-                         Plaintiff(s),

NEW CHAPTER, INC.,

Defendant(s).

## CIVIL COVER SHEET
## SUMMONS IN A CIVIL ACTION
## CLASS ACTION COMPLAINT

**HARRY I. KATZ, P.C.**
Attorney for Plaintiff(s)
Office and Post Office Address, Telephone
61-25 Utopia Parkway
Fresh Meadows, New York  11365
(718) 463-3700

To:
Attorney(s) for

Service of a copy of the within                    is hereby admitted.

Dated:

Attorney(s) for

EXHIBIT 2

SEE ACTUAL PACKAGE OF BERRY GREEN
SEPARATELY SUBMITTED

$E_{X}H_{I}B_{I}T$ 3





EXHIBIT 4



WHOLE FOODS MARKET

Welcome to WholeFoodsMarket MANHASSET
(516) 869-3900

NEWCH BRY GRN 180 NP    99.9
                ITEM = 72778300560

**** TAX    .00   BAL      39.99

VF    AMEX                 39.99
      Acct # ***********6018
      Seq # 7026
      Authorization # 558167

      CHANGE              .00

TOTAL NUMBER OF ITEMS SOLD = 1
6/05/09 12:59 PM 0219 07 0214 428

  Your cashier today is DIEDRE

 Give 100 meals to a hungry child,
 buy a Feed 100 bag today

State of New York   )
                    )ss:
County of Queens    )

      **Joann Evers**, being duly sworn, deposes and says: deponent is not a party to this action, is over 18 years of age and resides at Queens, New York.

      On December 18, 2009, deponent served the within **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS and SUPPORTING EXHIBITS**, upon BRYAN CAVE LLP, 1290 Avenue of the Americas, New York, NY 10104, the address designated by said attorney for that purpose by dispatching the same by overnight delivery service (FEDERAL EXPRESS), in a properly addressed wrapper into the custody of said overnight delivery service for overnight delivery, prior to the latest time designated by the said overnight delivery service for overnight delivery.

                                         Joann Evers

Sworn to before me this /8
day of _____ , 2009

_____
Notary Public

CYNTHIA L. HINES
Notary Public, State of New York
No. 01HI6133650
Qualified in Queens County
Commission Expires September 19, 2013

Civil Action No. 09-3514(JS)(JO)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANNA WALDMAN, on behalf of herself and others similarly situated,

Plaintiff(s),

-against-

NEW CHAPTER, INC.,

Defendant(s).

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**HARRY I. KATZ, P.C.**
Attorney for Plaintiff(s)
Office and Post Office Address, Telephone
61-25 Utopia Parkway
Fresh Meadows, New York  11365
(718) 463-3700
(718) 886-3410 (Fax)

To:
Attorney(s) for

Service of a copy of the within                    is hereby admitted.

Dated:

Attorney(s) for